NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING CHING CHANG, aka Mingqing Zhang; JINGHUA ZHEN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71350 <br><br> Agency Nos. A095-673-930 <br> A095-673-395 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Ming Ching Chang and her son, Jinghua Zhen, natives and citizens of China,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

KAD/Research

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because Chang's testimony about the birth of her children and her date of sterilization was inconsistent with documentary evidence, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and the IJ reasonably doubted Chang's explanations, *see id*. at 963-64. In the absence of credible testimony, Chang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In her opening brief, Chang fails to challenge the IJ's determination that she did not establish eligibility for CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

There is no merit to Chang's contention that the IJ violated the confidentiality provision of 8 C.F.R. §1208.6. *See* 8 C.F.R. § 1208.6(1)(i) (providing an exception for any United States government official having a need to examine information in connection with the adjudication of asylum applications).

**PETITION FOR REVIEW DENIED.**